IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 27, 2011

## STATE OF TENNESSEE v. DAVID HOUSTON GREENE

**Direct Appeal from the Circuit Court for Sullivan County**
**Nos. S42369, S42531, S55347     Robert H. Montgomery, Judge**

_____

**No. E2010-02495-CCA-R3-CD - Filed November 18, 2011**

_____

Defendant-Appellant, David Houston Greene, appeals the Sullivan County Circuit Court's revocation of his probation in three different cases. He was originally convicted of possession of cocaine with intent to sell, aggravated perjury, and misdemeanor failure to appear. He received an effective eight-year sentence, all of which was suspended after thirty days incarceration. On appeal, Greene claims that the trial court abused its discretion in revoking his probation and in ordering him to serve the sentences in confinement. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Steve McEwen, Mountain City, Tennessee (on appeal); Stephen M. Wallace, District Public Defender; and Richard A. Tate, Assistant Public Defender, Blountville, Tennessee (at trial and on appeal) for the Defendant-Appellant, David Houston Greene.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and William B. Harper, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background.** In case S42369, Greene pled nolo contendere in May 1999 to the sale of cocaine, a Class C felony. He was sentenced as a Range II offender and received a six-year suspended sentence. This sentence was consecutive to an earlier conviction in case S41641, which is unrelated to this appeal. In case S42531, Greene pled guilty in July 1999 to three counts of failure to appear, a Class A misdemeanor. For each count, he received a

suspended sentence of eleven months and twenty-nine days. These three sentences were concurrent to each other, but consecutive to the six-year sentence in S42369. In case S55347, Greene pled guilty in June 2009 to aggravated perjury, a Class D felony. He was sentenced as a Range I offender, and he received two years' imprisonment, suspended to probation after thirty days. This sentence was to be served consecutively to the sentences in cases S42369, the sale of cocaine, and S42531, the failure to appear.

The record is unclear as to when Greene first began serving his probationary sentence in these cases. In March 2005, the court ordered Greene's probation in S42369 and S42531 to begin four years later, in March 2009. However, in June 2008, his probation was revoked based on a violation for failing a drug test. Consequently, he was ordered to serve one year in jail, followed by six years of community corrections. In June 2009, following his conviction for aggravated perjury, Greene's probation in cases S42369 and S42531 was again revoked. He served one month in custody and then was released on probation. In March 2010, a probation violation report and accompanying arrest warrant were filed in all three cases. These alleged that Greene failed to comply with the conditions of probation based on his commission of the offense of driving without a license in his possession, his failure to inform his probation officer of a change in address, and his failure to report to his probation officer on three dates in January, February, and March of 2010. In June 2010, an additional probation violation report and arrest warrant were filed in all three cases, alleging that Greene violated probation by committing several drug offenses and by failing to report to his probation officer in April and May of 2010. The drug offenses, however, were later dismissed, and the State did not pursue those offenses as grounds for revocation.

**Revocation Hearing.** At the hearing, Greene pled no contest to the probation violations and stipulated to the facts as stated in the probation violation reports. Greene admitted driving without a license in his possession. Although he did not have the license in his possession at the time, Greene said that he was validly licensed to drive at the time. Regarding his failure to inform the probation officer of his address change, Greene explained that he moved as a result of a stressful divorce. According to Greene, when he was served with the divorce papers, he learned he was required to "keep[] a certain distance from [his] wife." He immediately moved to his mother's house. He explained why he did not report the change in address:

> I wasn't in my right mind at the time because I didn't know what was going on with my marriage. I was kind of tore up, distraught. I didn't know what was going on. I didn't have no outlet to let out the anger, . . . I . . . wasn't thinking and I have nobody to blame but myself.

Greene testified that he reported to his probation officer in January and February. In March, he called the office to let them know he was on his way there, and he was informed

that a warrant had been issued for his arrest. He was told that "it really wouldn't make any sense" to report as a result, and he did not report. He called again in April and May, although he did not go to the office.

Following this testimony, the trial court found that Greene violated the conditions of his probation by committing the offense of driving without a license in his possession, moving without informing his probation officer, and not reporting as required. The court decided that Greene should serve his sentences in custody:

> In my opinion, after having looked at this, I mean he's had – been on probation, he's been on parole, he's been on community corrections, has violated so in my opinion I don't think it's appropriate for me to place him back on probation and/or community corrections.

The trial court imposed the original term of confinement in all three cases. This timely appeal followed.

**Analysis.** Greene claims that the trial court abused its discretion in both revoking his probation and ordering him to serve his sentences in custody. He asserts the offense of driving without a license in possession is a minor one that does "not justify further incarceration." Regarding his change of address, Greene contends that "this constituted a technical violation that was not intentional or willful." Greene additionally argues that his failure to report was not a willful violation of the conditions of his probation because he was told that reporting was pointless in light of the warrant for his arrest. Even if the violation was willful, according to Greene, "such a violation would not justify the imposition of incarceration." The State argues that the trial court properly exercised its discretion in revoking Greene's probation and returning him to custody. We agree with the State.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her probation. T.C.A. §§ 40-35-310, -311(e) (2009). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. Id.

Once the trial court has determined a violation of probation has occurred, it retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is

extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court

> may also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

T.C.A. § 40-35-310(b). The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. Hunter, 1 S.W.3d at 647; State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In this case, the trial court did not abuse its discretion by finding that Greene violated the conditions of his probation. Greene admitted to the violations, providing the trial court with the requisite substantial evidence to find the violations occurred. Greene's argument that his conduct was not a violation because it was not willful is unavailing. Willfulness is not required to revoke probation based on violations other than a failure to pay fees. See State v. Frank G. Watkins, No. W2008-00567-CCA-R3-CD, 2008 WL 4922720, at *2 (Tenn. Crim. App., at Jackson, Nov. 17, 2008) ("Notwithstanding the payment of fees, this court has held that the trial court need not make willfulness findings in regard to a defendant's failure to adhere to the terms of his or her probation or community corrections.") (citing State v. Derrick Crawley, No. M2006-01895-CCA-R3-CD, 2007 WL 1946659, at *3 (Tenn. Crim. App., at Nashville, July 5, 2007); State v. Julia Mosely, No. E2004-01787-CCA-R3-CD, 2005 WL 819734, at *3 (Tenn. Crim. App., at Knoxville, Apr. 8, 2005)). Because the trial court revoked Greene's probation based on violations unrelated to the payment of fees, the willfulness of Greene's conduct is immaterial.

Furthermore, the trial court did not abuse its discretion by ordering Greene to serve the sentences in custody. Incarceration was one of the options available to the trial court upon finding that violations occurred, Hunter, 1 S.W.3d at 647, and the court explained that incarceration was necessary based on Greene's numerous past failures to complete probation. Having found that the trial court did not abuse its discretion in revoking Greene's probation and ordering him to serve the sentences in custody, we conclude that Greene is not entitled to relief.

**CONCLUSION**

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE

-4-